IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE DENNIS ROUNDS,

    Plaintiff,                    No. CIV S-05-0555 GEB GGH P

  vs.

JEANNE S. WOODFORD, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' September 26, 2005, motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). After carefully reviewing the record, the court orders that defendants' motion is granted with leave to amend.

LEGAL STANDARD FOR MOTION TO DISMISS.

        A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff cannot prove any set of facts consistent with his allegations which would entitle him to relief. NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101 (1957), Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993). Dismissal of the complaint, or any claim within it, "can be based

1

on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

/////
/////
/////

## DISCUSSION

This action is proceeding on the amended complaint filed April 21, 2005. The defendants are California State Prison-Solano (CSP-S) Warden Carey, Director of the California Department of Corrections and Rehabilitation (CDCR) Woodford and Governor Schwarzenegger.

Plaintiff alleges that he has been housed in the open dormitories of Facility III and IV of CSP-Solano since 1997. Plaintiff alleges that severe overcrowding and understaffing have substantially reduced, delayed and denied his access to medical care, programming, the exercise yard, showers and restrooms, family visiting and the receiving of legal and personal mail. Plaintiff also alleges that overcrowding has adversely affected his parole readiness.

Plaintiff alleges that the severe overcrowding makes the prison more dangerous. Amended Complaint, ¶ 10. Plaintiff alleges that he has experienced threats of violence from other inmates over things such as competition for table space in the unit. Id. He alleges that he has personally been involved in ten confrontations with inmates who threatened violence. ¶ 12. Plaintiff also alleges that he is placed on lockdown more often as a result of the violence caused by the overcrowding. Id.

Plaintiff alleges that his ability to program, i.e. to participate in education and job placement, has been impacted as a result of overcrowding. Id., ¶ 11. Plaintiff alleges that he suffered chest pains and breathing problems but was denied adequate and timely medical care due to overcrowding. ¶ 13.

As relief, plaintiff seeks

Declaratory judgment and injunctive relief; federal monitor; federal receivorship; reduce inmate population to operable capacity; monetary sanctions for any future violations of this court's order; and federal protection against retaliation for filing this complaint; appointment of counsel. This court may grant any other relief it deems appropriate.

Defendants first argue that plaintiff's claims regarding medical and mental health care should be dismissed because these matters are already subject to class action enforcement.

3

Attached as an exhibit to defendants' motion is a copy of an order filed February 4, 2002, in Plata v. Davis, C-01-1351 TEH.[1]  This class action alleges that plaintiffs, California state prisoners with serious medical needs, do not receive constitutionally adequate medical care.  Defendants' Exhibit, ¶¶ 1-2.  The order provides that the defendants will provide the plaintiffs with the minimum level of care required under the Eighth Amendment.  Id. ¶ 4.  Defendants also cite Coleman v. Schwarzenegger, CIV S-90-0520 JFM LKK P.  The class in Coleman is comprised of mentally ill inmates in California prisons alleging that they are being deprived of constitutionally compliant mental health care.

        A plaintiff who is a member of a class action suit for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief within the same subject matter of the class action.  Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988); McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991).

        The only specific relief sought by plaintiff is for the prison population to be reduced.  While plaintiff claims that he received inadequate medical care as a result of overpopulation, he is not seeking specific relief regarding medical treatment.  Accordingly, the court does not find that this action is barred by Plata or Coleman.

        Defendants go on to argue that plaintiff has not stated a colorable claim for relief.  As indicated above, the gravamen of this action is that CSP-Solano is unconstitutionally overcrowded.  Allegations of overcrowding alone are insufficient to state a claim under the Eighth Amendment.  Rhodes v. Chapman, 452 U.S. 337, 348, 101 S. Ct. 2392 (1981); Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989).  Where crowding causes an increase in violence or reduces the provision of other constitutionally required services, or reaches a level where the institution is no longer fit for human habitation, however, the prisoner may be able to

---

[1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

state a claim. <u>Balla</u>, 869 F.2d at 471. As the following paragraphs make clear, plaintiff's allegations only demonstrate a *potential* effect that overcrowding may have, or allege a highly speculative cause and effect relationship between overcrowding and the alleged harm to be avoided, or refer to "rights" denied by overcrowding which find no source in the Constitution. The complaint should be dismissed with one final opportunity for amendment.

The court first considers plaintiff's claim that he has been denied family visits as a result of overcrowding. Family visits are extended and overnight visits between inmates and members of the inmate's family, i.e. contact visits. Cal. Code Regs., tit. 15, § 3177. Plaintiff has no constitutional right to family visits. <u>Kentucky Dep't. of Corrections v. Thompson</u>, 490 U.S. 454, 460-61, 109 S. Ct. 1904 (1989) (holding that the denial of prison access to certain visitors "is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the due process clause"); <u>Gerber v. Hickman</u>, 291 F.3d 617, 621 (9th Cir. 2002) (holding that the right of intimate association, which includes cohabitation with one's spouse, is necessarily abridged during incarceration and that such loss is "simply part and parcel of being imprisoned for conviction of a crime"). Because family visiting is not a constitutionally required service, this claim is dismissed.

Plaintiff alleges that his access to his personal and legal mail has been "reduced, delayed and denied" as a result of overcrowding. Plaintiff offers no specific facts in support of this claim. Without additional information, the court cannot determine whether overcrowding has interfered with plaintiff's constitutional rights regarding his access to personal and legal mail. Accordingly, this claim is dismissed.

The court observes that in order to state a claim for denial of access to the courts, plaintiff must allege that he suffered an actual injury. <u>Lewis v. Casey</u>, 518 U.S. 343, 350-53, 116 S. Ct. 2174 (1996). Specifically, plaintiff must allege a specific instance in which he was denied the tools needed to litigate in a criminal trial or appeal, a habeas proceedings, or a section 1983 civil rights action challenging the conditions of confinement. <u>See</u> <u>id.</u> at 355, 116 S. Ct. at 2182.

Plaintiff next alleges that he has been denied access to education and job placement as a result of overcrowding. Plaintiff has no constitutional right to educational or job opportunities. Bauman v. Arizona Dep't. of Corrections, 754 F.2d 841, 846 (9th Cir. 1985). Because education and employment are not constitutionally required services, this claim is dismissed.

Plaintiff also generally alleges that his access to the exercise yard, showers and restrooms have been substantially reduced, delayed and denied as a result of overcrowding. These allegations are so vague and conclusory, the court cannot determine whether they support plaintiff's claim regarding overcrowding. Accordingly, these claims are dismissed.

Plaintiff alleges that overcrowding has caused the prison to become unhygienic. In support of this claim, plaintiff alleges that his housing unit was not provided with adequate cleaning supplies. Plaintiff does not describe the unhygienic conditions that were caused by the inadequate cleaning supplies. Without more specific information regarding the unclean conditions caused by overcrowding, the court cannot find that plaintiff has stated a colorable claim.

Plaintiff alleges that his parole readiness has been adversely affected because of his inability to maintain family ties as a result of diminished family visits and diminished access to educational and job programs, all caused by overcrowding. As discussed above, plaintiff has no constitutional right to family visiting or educational or job programs. Accordingly, this claim is dismissed.

Plaintiff alleges that he has been denied adequate medical care as a result of overcrowding. Plaintiff's only allegations regarding his own denial of adequate medical care are that he suffered chest pains and breathing problems but did not receive timely medical care and that he was denied medical care on the weekends. Plaintiff's claim that he was denied medical care on weekends is vague and conclusory. Plaintiff's claim, that he was denied timely medical care for chest pains and breathing problems on one occasion, does not support a claim that he has

received inadequate medical care due to overcrowding.  Accordingly, this claim is dismissed.

Plaintiff also alleges that he has been placed on lock-downs on "several occasions" because of other inmates attempting to commit suicide.  This allegation does not suggest that plaintiff has been placed on lockdown so many times as a result of overcrowding so as to violate the Eighth Amendment.  Plaintiff does not allege how frequently he has been placed on lockdowns.  Nor has plaintiff linked his claim to overcrowding, i.e. demonstrated that the lockdowns were caused by overcrowding.  Accordingly, this claim is dismissed.

Plaintiff alleges that CSP-Solano has become more dangerous as a result of overcrowding.  Plaintiff alleges that between May 1997 and October 2004, major riots and disturbances have occurred.  Plaintiff also claims that he has been involved in ten confrontations with inmates who threatened violence.  As stated above, an increase in violence caused by overcrowding states a colorable claim.  However, plaintiff's claims regarding violence are somewhat vague.  Plaintiff does not allege, for example, how many major riots and disturbances occurred between May 1997 and October 2004.  Nor does plaintiff describe how overcrowding caused these riots.  Plaintiff also does not describe the confrontations he had with other inmates nor when they occurred.  For example, if plaintiff experienced these confrontations over a period of years, he would not have demonstrated that overcrowding caused dangerous conditions.  Plaintiff also has not discuss why he believes these ten confrontations were caused by overcrowding.  Accordingly, this claim is dismissed.

Finally, plaintiff suggests that because he is a Level I prisoner, he has been improperly housed in Level III and IV housing.  Prisoners have no constitutional right to be housed in any particular prison.  Olim v. Wakinekona, 461 U.S. 238, 103 S. Ct. 1741 (1983); Meachum v. Fano, 427 U.S. 215, 96 S. Ct. 2532 (1976).  Standing alone, that plaintiff is a level I prisoner housed in Level III or Level IV housing does not state a colorable claim.

For the reasons discussed above, defendants' motion to dismiss is granted with leave to amend.  As indicated above, plaintiff cannot base his overcrowding claim on changes in

conditions to which he is not constitutionally entitled in the first place, i.e. family visits, education, employment, housing at a particular prison. Plaintiff may base his overcrowding claims on changes that result in unconstitutional conditions, i.e. unsafe conditions, inadequate medical care, etc. After reviewing plaintiff's amended complaint, it is unclear whether plaintiff will be able to adequately link these claims of unconstitutional conditions to his claim of overcrowding. If plaintiff files a third amended complaint, he may consider alleging direct violations of his constitutional rights rather than linking these claims to a claim of overcrowding. In other words, plaintiff should consider directly alleging, for example, that his Eighth Amendment right to safety was violated by the failure of prison officials to protect him on specific occasions.

Accordingly, IT IS HEREBY ORDERED that defendants' September 26, 2005, motion to dismiss is granted; plaintiff is granted thirty days from the date of this order to file a second amended complaint; failure to comply with this order will result in a recommendation of dismissal of this action.

DATED:   6/19/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
rounds.mtd