IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE DENNIS ROUNDS,

    Plaintiff,                            No. CIV S-05-0555 GEB GGH P

    vs.

JEANNE S. WOODFORD, et al.,

    Defendants.                       FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On June 19, 2006, the court granted defendants' September 26, 2005, motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) with leave to amend. Pending before the court is plaintiff's second amended complaint filed November 3, 2006. Plaintiff has not cured the pleading defects discussed in the June 19, 2006, order. Accordingly, the court recommends that this action be dismissed. 28 U.S.C. § 1915(e)(2)(court may dismiss case at any time if it determines that it fails to state a claim for which relief may be granted).

/////

/////

/////

1

1      The only defendant identified in the second amended complaint is Jeanne
2 Woodford, Director of the California Department of Corrections and Rehabilitation (CDCR).
3 Plaintiff seeks injunctive and declaratory relief only.
4      Plaintiff alleges that he has been housed in open dormitories since 1993.  Plaintiff
5 alleges that these dormitories are severely overcrowded and understaffed, resulting in
6 unconstitutional conditions of confinement.
7      In particular, plaintiff alleges that the severe overcrowding makes the prison more
8 dangerous.  Second Amended Complaint, ¶ 12.  Plaintiff alleges that as a result of understaffing,
9 weapons are easily accessible to inmates.  Id.
10     Plaintiff alleges that overcrowding has caused the dormitories to be inadequately
11 supplied with cleaning supplies.  Id., ¶ 13.  As a result, plaintiff has been forced to live in
12 unsanitary living conditions.  Id.
13     Plaintiff alleges that as a result of overcrowding, he has been housed with inmates
14 who tested positive for tuberculosis.  Id., ¶ 14.
15     Plaintiff alleges that the overcrowding has subjected him to improper ventilation,
16 inadequate heating and cooling systems.  Id., ¶ 15.  Plaintiff alleges that these conditions have
17 caused him to acquire respiratory problems.  Id.
18     Plaintiff alleges that the overcrowding has "stripped him of incentives and hope of
19 ever being paroled by the BPH due to his living in constant peril of life and increased risk of
20 disciplinary and insufficient programming."  Id., ¶ 16.  Overcrowding has adversely affected his
21 ability to maintain close ties with his family and participate in therapy and self-help
22 programming.  Id.
23     Plaintiff alleges that overcrowding has resulted in understaffing in various
24 departments including medical, dental, inmate mailroom, inmate visiting room and the law
25 library.  Id., ¶ 17.
26 /////

1         The gravamen of this action is that the prisons are unconstitutionally
2  overcrowded. Allegations of overcrowding alone are insufficient to state a claim under the
3  Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 348, 101 S. Ct. 2392 (1981); Balla v.
4  Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989). Where crowding causes an increase
5  in violence or reduces the provision of other constitutionally required services, or reaches a level
6  where the institution is no longer fit for human habitation, however, the prisoner may be able to
7  state a claim. Balla, 869 F.2d at 471. As the following paragraphs make clear, plaintiff's
8  allegations only demonstrate a *potential* effect that overcrowding may have, or allege a highly
9  speculative cause and effect relationship between overcrowding and the alleged harm to be
10 avoided, or refer to "rights" denied by overcrowding which find no source in the Constitution.

11        Plaintiff alleges that the prisons have become more dangerous due to
12 overcrowding. As stated above, an increase in violence caused by overcrowding states a
13 colorable claim. However, plaintiff's claim regarding increased violence is vague. Plaintiff does
14 not describe the increased violence in any detail. Nor does plaintiff discuss how the violence was
15 caused by overcrowding. Because this claim is not well supported, it should be dismissed.

16        Plaintiff next alleges that the overcrowding has caused the prisons to become
17 unhygienic. In support of this claim, plaintiff alleges that he was not provided with adequate
18 cleaning supplies. Plaintiff does not specifically describe the unhygienic conditions that were
19 caused by the inadequate cleaning supplies. Accordingly, this claim should be dismissed because
20 plaintiff has not plead specific facts demonstrating that overcrowding has caused him to be
21 exposed to unhygienic conditions.

22        Plaintiff alleges that he has been housed with inmates who tested positive for
23 tuberculosis. Plaintiff does not allege that he himself has contracted tuberculosis. Therefore, any
24 injury caused by this condition is speculative. Accordingly, this claim should be dismissed.
25 /////
26 /////

Plaintiff alleges that he has been subjected to inadequate ventilation, heating and cooling systems as a result of overcrowding. This claim is vague and conclusory. Plaintiff does not describe how these systems are inadequate. Nor does plaintiff discuss why overcrowding caused the inadequacy of these systems. Accordingly, this claim should be dismissed.

Plaintiff alleges that he has been denied access to self-help and therapy programs due to overcrowding, which has affected his chances of being paroled. Plaintiff does not describe in any detail what particular programs he has not had access to. Nor does plaintiff discuss why overcrowding caused his inability to attend these programs. Because this claim is vague and conclusory, it should be dismissed.

Plaintiff alleges that overcrowding has resulted in understaffing in various departments including medical, dental, mail room, visiting room and the law library. Other than this conclusory allegation, plaintiff does not allege that he suffered any injury as a result of the alleged understaffing. Plaintiff does not allege, for example, that he was denied adequate dental care as a result of understaffing caused by overcrowding. Because this claim is vague and conclusory, it should be dismissed.

Because it does not appear that plaintiff can cure the pleading defects discussed above, the court recommends that this action be dismissed.[1]

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

---

[1] In the June 19, 2006, order, the court suggested that if plaintiff filed a second amended complaint, he might consider alleging direct violations of his constitutional rights rather than linking these claims to a claim of overcrowding. In the second amended complaint, plaintiff chose to ignore this suggestion.

4

1  shall be served and filed within ten days after service of the objections. The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED:  12/26/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

8  rounds.dis