IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE DENNIS ROUNDS,

    Plaintiff,                  No. CIV S-05-0555 GEB GGH P

    vs.

JEANNE S. WOODFORD, et al.,

    Defendant.              <u>ORDER</u>

_____/

I. <u>Introduction</u>

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On June 19, 2006, (Doc. 18) the court granted defendant's motion to dismiss and ordered plaintiff's amended complaint dismissed with leave to filed a second amended complaint. On November 3, 2006, plaintiff filed a second amended complaint (Doc. 22), that defendant requested to be screened. On December 26, 2006, the court screened and then dismissed the second amended complaint (Doc. 25). Plaintiff appealed the ruling and on November 6, 2008, the United States Court of Appeals for the Ninth Circuit, vacated and remanded (Doc. 34). The Court of Appeals found that plaintiff's claims appeared to be colorable

\\\\\

\\\\\

1

for screening but expressed no opinion whether the case would survive a motion for dismissal under Fed. R. Civ. P. 12(b)(6).[1]

Pending before the court is defendant's February 19, 2009, (Doc. 37) motion to dismiss the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). After carefully reviewing the record, the court recommends that defendant's motion be granted.

II. Motion to Dismiss

Standard

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume

---

[1] In fact, in the December 26, 2006, order, the court had dismissed the complaint for failing to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

Discussion

Plaintiff is a state prisoner sentenced to life with the possibility of parole, who at all times relevant to this action, was in the custody of the CDCR. Second Amended Complaint ("Compl."), at 2. The only defendant named in the Second Amended Complaint is Jeanne Woodford, former Director of the CDCR and plaintiff seeks only injunctive and declaratory relief. Compl., at 1.

Plaintiff claims that prison overcrowding has resulted in multiple constitutional violations including causing defendant stress, tension, and constant fear: (1) of assault from living in the prison's open dorm facility; (2) from being housed with inmates who are mentally and physically ill; and (3) of contracting a contagious or infectious disease. Opposition to Motion to Dismiss ("Opp."), at 4. Plaintiff further contends that overcrowded conditions

adversely affect his prison location (in relation to where his family lives), as well as his ability to participate in prison self-help and therapy programs. Opp. , at 4. Lastly, plaintiff contends that prison conditions have resulted in crowding and understaffing in the medical, dental, inmate mailroom, visiting room, and law library, which has caused him to feel stress, tension, and unsafe. Id. As relief, plaintiff seeks to permanently enjoin defendant from housing so many inmates at CSP-Solano, where he is housed. Compl., at 7.

The gravamen of this action is that CSP-Solano is unconstitutionally overcrowded. Allegations of overcrowding alone are insufficient to state a claim under the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 348, 101 S. Ct. 2392 (1981); Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989). Where crowding causes an increase in violence or reduces the provision of other constitutionally required services, or reaches a level where the institution is no longer fit for human habitation, however, the prisoner may be able to state a claim. Balla, 869 F.2d at 471.

In reversing the court's December 26, 2006, screening order, the Court of Appeals, cited Akao v. Shimoda, 832 F.2d 119, 120 (9th Cir. 1987) and Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir. 1984). Akao reversed a district court's dismissal of a claim that alleged overcrowding caused increased stress, tension and communicable disease among the inmate population. Id. Toussaint affirmed the district could holding that relied on specific facts that considered cell size and exercise conditions in relation to overcrowding to find an Eighth Amendment violation. However, as the following paragraphs make clear, plaintiff's allegations only demonstrate a potential effect that overcrowding may have, or allege a highly speculative cause and effect relationship between overcrowding and the alleged harm to be avoided, or refer to "rights" denied by overcrowding which find no source in the Constitution. Plaintiff has failed to plead sufficient facts, that are plausible on their face, for the court to reasonably infer that defendant is liable. Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009). Plaintiff's second amended complaint will be dismissed with leave to file a third amended

complaint thirty days from the date of this order.

Plaintiff alleges that the prison has become more dangerous due to overcrowding. As stated above, an increase in violence caused by overcrowding states a colorable claim. However, plaintiff's claim regarding increased violence is vague. He states there are more confrontations between prisoners and staff and weapons are easily accessible. Plaintiff does not describe the increased violence in any detail. Nor does plaintiff discuss how the violence was caused by overcrowding. Plaintiff states that brooms, combination locks and safety razors are allowed in his housing unit which can be used as weapons. Using these items as weapons may be related to the safety precautions in effect for plaintiff's housing unit, but plaintiff has failed to link this to overcrowding. As stated above, a complaint must contain sufficient facts, accepted as true, to state a claim that is plausible on its face. Ashcroft, No. 07-1015, 2009 WL 1361536 at * 12. Plaintiff's conclusory allegations do not state a plausible claim for overcrowding. As such, this claim is dismissed.

Plaintiff contends that due to overcrowding, prisoners with mental and physical illnesses are housed together and this has caused him stress and tension. Plaintiff alleges that he has been housed with inmates who tested positive for tuberculosis. Plaintiff does not allege that he himself has contracted tuberculosis nor does he contend that he is some how immediately threatened with contracting the disease. Therefore, any injury caused by this condition is speculative. Accordingly, this claim is dismissed.

Plaintiff next concludes that the overcrowding has caused the prisons to become unhygienic which could lead to the contraction of a contagious or infectious disease. In support of this claim, plaintiff alleges that he was not provided with adequate cleaning supplies and there is dust and dirt in the living facilities. Plaintiff does not specifically describe how the dust and dirt violate the Eighth Amendment. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft, 07-1015, 2009 WL 1361536 at * 13. Accordingly, this claim should be dismissed because plaintiff has not plead

specific facts demonstrating that overcrowding has caused him to be exposed to unhygienic conditions.

Plaintiff alleges that he has been subjected to inadequate ventilation, heating and cooling systems as a result of overcrowding. This claim is vague and conclusory. Plaintiff does not describe how these systems are inadequate. Nor does plaintiff discuss why overcrowding caused the inadequacy of these systems. While plaintiff alleges he has a respiratory problem due to the ventilation, he provides no details. Accordingly, this claim is dismissed.

Plaintiff alleges that he has been denied access to self-help, therapy and job programs due to overcrowding, which has affected his chances of being paroled. Plaintiff does not describe in any detail what particular programs he has been denied access to. Nor does plaintiff discuss why overcrowding caused his inability to attend these programs. Moreover, plaintiff does not have a constitutionally protected liberty interest in a job or in educational programs while in a California prison. Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir.1986) (inmates have no constitutional right to participate in prison work programs); Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir.1985) (no right to job vocational program); Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir.1982) (no right to educational program). Plaintiff has failed to state a claim for a constitutional violation. Thus, this claim is dismissed.

Plaintiff alleges that overcrowding has resulted in understaffing in various departments including medical, dental, mail room, visiting room and the law library. Other than this conclusory allegation, plaintiff does not allege that he suffered any injury as a result of the alleged understaffing. Plaintiff does not allege, for example, that he was denied adequate dental care as a result of understaffing caused by overcrowding. Plaintiff's pleadings are no more than conclusions and need not be entitled to the assumption of truth. Ashcroft, 07-1015, 2009 WL 1361536 at * 13. This claim is dismissed.

The court also considers plaintiff's claim that he has been denied family visits and was transferred to a facility several hundred miles away from his family as a result of

overcrowding. Family visits are extended and overnight visits between inmates and members of the inmate's family, i.e. contact visits. Cal. Code Regs., tit. 15, § 3177. Plaintiff has no constitutional right to family visits. Kentucky Dep't. of Corrections v. Thompson, 490 U.S. 454, 460-61, 109 S. Ct. 1904 (1989) (holding that the denial of prison access to certain visitors "is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the due process clause"); Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002) (holding that the right of intimate association, which includes cohabitation with one's spouse, is necessarily abridged during incarceration and that such loss is "simply part and parcel of being imprisoned for conviction of a crime"). Moreover, prisoners have no constitutional right to be housed in a particular prison. Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741 (1983); see also Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532 (1976) (concluding that a prisoner has no liberty interest in which prison he is housed). Because family visiting and a preference in prison location are not constitutionally required, this claim is dismissed.

Plaintiff alleges that his access to his personal and legal mail has been "reduced, delayed and denied" as a result of overcrowding. Plaintiff offers no specific facts in support of this claim. The court observes that in order to state a claim for denial of access to the courts, plaintiff must allege that he suffered an actual injury. Lewis v. Casey, 518 U.S. 343, 350-53, 116 S. Ct. 2174 (1996). Plaintiff has failed to allege any specific instances in which he was denied the tools needed to litigate in a criminal trial or appeal, a habeas proceedings, or a section 1983 civil rights action. See id. at 355, 116 S. Ct. at 2182. Accordingly, this claim is dismissed.

Plaintiff alleges that his parole readiness has been adversely affected because of his inability to maintain family ties as a result of diminished family visits, prison location and diminished access to educational and job programs, all caused by overcrowding. As discussed above, plaintiff has no constitutional right to family visiting, prison location or educational or job programs. Accordingly, this claim is dismissed.

\\\\\

1  Accordingly, IT IS HEREBY ORDERED that defendant's February 19, 2009,
2  motion to dismiss is granted.  Plaintiff is granted thirty days from the date of this order to file a
3  third amended complaint.  Failure to comply with this order will result in a recommendation of
4  dismissal of this action.

5  DATED: 06/11/09            /s/ Gregory G. Hollows

6                             _____
                               GREGORY G. HOLLOWS
7                              UNITED STATES MAGISTRATE JUDGE

ggh:ab
8  roun0555.mtd